IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DAVID PEREZ,

      Petitioner,

  vs.

LARRY SMALL, Warden,

      Respondent.

_____

No. C 09-0113 JSW (PR)

**ORDER TO SHOW CAUSE,
VACATING ORDER TO PAY FILING
FEE AND NOTICE TO ATTORNEY**

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction.  In an earlier order, this Court ordered Petitioner to pay the filing fee. However, due to an error in recording the payment, the Court was unaware that Petitioner had already paid the filing fee.  Therefore, the Court's order to Petitioner to pay the fee within thirty days is vacated.

In the Court's earlier order, Petitioner's motion for counsel filed by *pro bono* attorney David J. Pullman was denied (docket no. 5).  However, since Attorney Pullman has already made an appearance on this matter, he must inform the Court, by filing a motion to withdraw as counsel within ten days, if he does not intend to continue to appear on this matter *pro bono*.  If he does not intend to withdraw as counsel for Petitioner, he need not file anything with the Court and he will continue as attorney of record for Petitioner.  This order directs Respondent to show cause why the petition should not be

1  granted.

2  **BACKGROUND**

3  According to the petition, Petitioner was convicted of first degree murder, discharge

4  of a firearm and being a felon in possession of a firearm in San Francisco County Superior

5  Court in 2005.  The trial court sentenced him to two terms of 25 years-to-life plus 2 years

6  in state prison.  Petitioner's appeal to the California Court of Appeal was denied and his

7  petition for review in the California Supreme Court were denied in 2007.  Petitioner later

8  filed a collateral challenge to his conviction in the California Supreme Court which was

9  denied in 2009.  He filed the instant federal habeas petition in this Court on January 9,

10  2009.

11  **DISCUSSION**

12  I  Standard of Review

13  This court may entertain a petition for a writ of habeas corpus "in behalf of a person

14  in custody pursuant to the judgment of a State court only on the ground that he is in

15  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

16  § 2254(a).

17  It shall "award the writ or issue an order directing the respondent to show cause

18  why the writ should not be granted, unless it appears from the application that the applicant

19  or person detained is not entitled thereto."  *Id.* § 2243.

20  II  Legal Claims

21  The petition raises the following ground for relief: 1) ineffective assistance of

22  counsel; and, (2) the trial court violated Petitioner's rights to due process and

23  confrontation by improperly limiting impeachment of a witness.  Liberally construed, it

24  does not appear from the face of the petition that Petitioner is not entitled to relief on his

25  claims.  Accordingly, Respondent is ordered to respond to the petition as set forth below.

26  **CONCLUSION**

27  For the foregoing reasons and for good cause shown,

28

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: August 11, 2009

_____
JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DAVID PEREZ,

        Plaintiff,

  v.

LARRY SMALL et al,

        Defendant.

_____/

Case Number: CV09-00113 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael David Perez
T90067
Calipatria State Prison
Calipatria, CA 92233

Dated: August 11, 2009

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk