IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DAVID PEREZ,

    Plaintiff,                                 No. C 09-00113 JSW

    v.

LARRY SMALL,                                   **ORDER DENYING**
**PETITIONER'S REQUEST FOR**
    Defendant.                             **AN EVIDENTIARY HEARING**

         Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On August 8, 2009, this Court ordered Respondent to show cause why the petition should not be granted. On November 12, 2009, Respondent filed an answer to the petition, a memorandum in support thereof and exhibits. On December 8, 2009, Petitioner filed his traverse.

         Thereafter, on December 22, 2009, Petitioner filed a motion seeking an evidentiary hearing. In the motion, Petitioner elaborates on the potential testimony he seeks to elicit regarding defense counsel's ineffective representation at his trial.

         Under the AEDPA, a district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. If it does not, and an evidentiary hearing might be appropriate, the court's first task in determining whether to grant an evidentiary hearing is to ascertain whether the petitioner has failed to develop the factual basis of a claim in state court.

If so, the court must deny a hearing unless the petitioner establishes one of the two narrow exceptions set forth in § 2254(e)(2). *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *see, e.g., Bragg v. Galaza*, 242 F.3d 1082, 1085 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001) (court of appeals precluded from remanding case for an evidentiary hearing, despite concerns about gaps in the record, where petitioner failed to develop the factual basis for his claim in state court). If, on the other hand, the petitioner has not failed to develop the facts in state court, the district court may proceed to consider whether a hearing is appropriate or required under *Townsend v. Swain*, 372 U.S. 293 (1963), *modified by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). *See Baja*, 187 F.3d at 1078.

A prisoner "fails" to develop the factual basis of a claim, triggering § 2254(e)(2), if "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id.* at 437. In California, an appellate court presented with a state habeas petition determines whether an evidentiary hearing is warranted only after "formal pleadings" are ordered, if they are. *Horton v. Mayle*, 408 F.3d 570, 582 n.6 (9th Cir. 2005). If the state court denies the petition without ordering formal pleadings, the case never reaches the stage where an evidentiary hearing must be requested, and the petitioner's failure to request such a hearing in state court does not trigger § 2254(e)(2). *Id.*

That an evidentiary hearing is permitted because a prisoner was able to clear the hurdle posed by § 2254(e)(2) does not mean that a hearing is required. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). The district court retains discretion whether to hold such an evidentiary hearing. The standard pre-AEDPA for determining whether a federal evidentiary hearing is required is if: (1) petitioner's allegations, if proven, would establish the right to relief, and (2) the state court trier of fact has not, after a full and fair

1 hearing, reliably found the relevant facts. *Williams v. Calderon*, 52 F.3d 1465, 1484 (9th
2 Cir. 1995); *Jeffries v. Blodgett*, 5 F.3d 1180, 1187 (9th Cir. 1993).

3     In this case and in its discretion, the Court does not find that an evidentiary hearing
4 appears necessary at this time and DENIES the request without prejudice.

6 **IT IS SO ORDERED.**

7 Dated: September 14, 2010

                JEFFREY S. WHITE
                UNITED STATES DISTRICT JUDGE